**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MARK CHAVEZ**,

  Plaintiff,

**vs.**           **No. 12cv876 JCH/GBW**

**ROBERT ARAGON**,

  Defendant.

    **consolidated with**

**MARK CHAVEZ**,

  Plaintiff,

**vs.**           **No. 12cv878 JCH/LFG**

**NEW MEXICO STATE HIGHWAY & TRANSPORTATION**
**DEPARTMENT; SEAN OLIVAS**,

  Defendants.

    **consolidated with**

**MARK CHAVEZ**,

  Plaintiff,

**vs.**           **No. 12cv879 JCH/ACT**

**GARRY KING, State of New Mexico District Attorney**[1],

  Defendant.

    **consolidated with**

**MARK CHAVEZ**,

  Plaintiff,

---

[1] The Court takes judicial notice that Gary King is the Attorney General for the State of New Mexico, and has used his correctly-spelled name and title in this Order.

**vs.**                                                    **No. 12cv880 JCH/KBM**

**STATE OF NEW MEXICO;**
**GARRY KING, Attorney General,**

      Defendants.

<u>**ORDER CONSOLIDATING CASES**</u>
<u>**AND DISMISSING COMPLAINTS**</u>

    **THIS MATTER** comes before the Court *sua sponte* to consolidate for all purposes pursuant to Federal Rule of Civil Procedure 42(a)[2] these four cases, which pro se Plaintiff Mark Chavez filed on August 15, 2012; and on Chavez's four identical applications that seek authorization to proceed *in forma pauperis* ("IFP") with this litigation, *i.e.*, without prepaying costs or filing fees.  *See, e.g.*, No. 12cv876, Doc. 2, filed August 15, 2012.

    Because the four cases involve common questions of law and fact and are all based on the same events, the Court will consolidate the cases. When determining whether to grant permission to proceed IFP, the Court must "review the affidavit and screen [Chavez's] case[s] under 28 U.S.C. §§ 1915(a) and (e)."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).  Screening the cases under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well

---

   [2] Rule 42(a) provides:

    Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) cosolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

   In *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933), which antedates this rule of civil procedure, the Supreme Court held that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  289 U.S. at 496-97.

as determining whether each action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal under § 1915(e) is now mandatory). The Court will deny permission to proceed IFP and dismiss his Complaints.

## I.     Applicable Legal Standards

In screening Chavez's Complaints under § 1915(e)(2)(B), the Court resolves the issue of whether they state a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Thus, in conducting the review, the Court "may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference. The district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks and citations omitted). "[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997). In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent

3

case of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "the defendant-unlawfully-harmed-me" account, *see Iqbal*, 556 U.S. at 678. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Id.* (internal quotation marks omitted). These, the Court stated, "will not do." *Id.* (internal quotation marks omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (internal quotation marks and bracket omitted). In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (internal citations omitted).

The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere

we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss.  But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## II.  Analysis

### A.  Chavez has not properly established indigency.

Although it appears that Chavez, who lives on his disability income and food stamps, may be unable to pay both for filing fees and for the necessities of life, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he has failed or refused to sign his financial applications under penalty of perjury.  *See, e.g.*, No. 12cv876, Doc. 2 at 1.  Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees.  *Lister*, 408 F.3d at 1313; *see also Raynor v. Wentz*, No. 09-7079, 357 Fed. App'x 968, 969, 2009 WL 4928368, *1 (10th Cir. Dec. 22, 2009) (affirming denial of IFP and dismissal of complaint where the district court "noted that the IFP motion contained almost no information that would allow it to properly review Plaintiff's expenses and income; the court then ordered Plaintiff to submit several types of financial documents to supplement her motion by March 4, 2009.").  The affidavit requirement also serves as a deterrent

5

function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The Court will, therefore, deny permission to proceed IFP because Chavez has failed to properly establish indigency. The Court will not permit him an opportunity to correct his failures, however, because doing so would be futile in light of the fact that his Complaints fail to state viable federal claims.

**B. Chavez fails to state viable federal claims against any Defendant.**

**1. Case number 12cv876 JCH/GBW.**

Chavez's complaints consist mostly of his legal conclusions. In case No. 12cv876, Chavez seeks to sue Robert Aragon (who is apparently a New Mexico attorney) under 42 U.S.C. § 1983 because, after Chavez paid Aragon an unspecified amount for representation, an unspecified "state code of ethics prevented [] Aragon from assisting" Chavez for some unspecified reason. *Id.*, Compl. at 2. Chavez references a prior state-court proceeding against Mr. Aragon in his Complaint, *see* Compl. at 4, and the Court has reviewed the public docket sheet on the New Mexico courts' case-lookup website. The Court takes judicial notice that Chavez sued Mr. Aragon on October 24, 2007 for "debt and money due," and that, although the case has been dismissed twice for Chavez's failure to prosecute it, the most recent docket activity was a hearing on his "motion against dismissal" held on August 17, 2011. *See Chavez v. Aragon*, No. D-202-CV-200709308 (Second Judicial District Court).

There are no other facts to support Chavez's claim against Aragon. Chavez states that "the court is going to have to call [half of] the jury members . . . to get the evidence the state is in possession of." *Id.* He states that the employees at the state court (whom he does not name as

6

defendants) refused to let him file a complaint in state court, *see id.* at 4, which is belied by the state-court docket sheet noted *supra*, and he requests $20,000 in damages "plus an understanding that the state and the defendants [sic] actions need to be recognized in a few other cases." *Id.* at 5.

To invoke the Court's subject-matter jurisdiction under § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  The allegations against Aragon – that he refused to represent Chavez because of the state code of ethics – do not show that Aragon deprived Chavez of a federally-protected right.  Further, an attorney who serves as counsel for an individual is not a state actor under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3).  *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished).  Because Chavez has not alleged sufficient facts demonstrating that Aragon is a state actor or that he violated Chavez's constitutional rights, he has failed to invoke this Court's subject-matter jurisdiction under § 1343(3) and § 1983, and his Complaint must be dismissed because the Court lacks subject-matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in

which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted).

There are no other allegations to support any other federal cause of action against Aragon, and no facts support diversity jurisdiction. Chavez has failed to invoke the court's subject-matter jurisdiction in case number 12cv876.

**2. Case number 12cv878 JCH/LFG.**

In case No. 12cv878, which also contains very few factual allegations, Chavez seeks to sue the New Mexico State Highway and Transportation Department and the attorney who represented the Department in a state-court trial, Sean Olivas (although he does not list Olivas in the style of the case), under § 1983. He obliquely states that the Department did unspecified "bad things" "on purpose and with planning" but that he can not talk about them because "the state will destroy evidence." No. 12cv878, Compl. at 2, 4. He reaches the legal conclusion that the constitutional right the Department violated was his "right to fair trial," referring only to another state-court trial. *Id.* at 3. He states that he lost his case in state court because "the state bar and state claiming sovereign immunity work hand in hand to get the state out of any blame or wrongdoing." *Id.* at 5. He seeks $100 million plus medical expenses.

Because he has referred to the state-court case in his Complaint, the Court takes judicial notice that Chavez sued Mr. Olivas and the New Mexico State Highway and Transportation

Department for personal injury, negligence, tort, nuisance, mental anguish and pain and suffering on October 4, 2005. *See Chavez v. Olivas*, No. D-202-cv-200507516 (Second Judicial District Court). The state court dismissed that case with prejudice on April 27, 2006 after the Defendants filed a motion to dismiss. *See id.* Chavez's allegations do not support claims against the Department or Mr. Olivas for denying his right to a fair trial, and the doctrine of sovereign immunity is a valid defense. As in No. 12cv876, Chavez has failed to invoke the Court's subject-matter jurisdiction under § 1983 because he cannot establish the violation of a constitutional right by these Defendants. But even if he could invoke the Court's subject-matter jurisdiction, the statute of limitations has long passed for any allegedly wrongful actions occurring in 2005. *See Jackson v. City of Bloomfield*, 731 F.2d 652, 654 (10th Cir. 1984) (stating that courts must "apply the New Mexico three-year statute [of limitations] for an injury to the person to all section 1983 actions arising in [New Mexico]"); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (identifying N.M.S.A. 37-1-8 as the relevant limitations statute under § 1983).

### 3.  Case number 12cv879 JCH/ACT.

In case No. 12cv879, Chavez seeks to sue the State of New Mexico "District Attorney" and Gary King (who is actually the attorney general) for events occurring in 2004 when the state allegedly "held [him] in custody for over two years." No. 12cv879, Compl. at 2. He claims that he had an "unfair criminal trial" and that, because the state "omitted its lies from the minutes of the trial . . . the jury from the trial will need to give testimony." *Id.* at 3. He states that the attorney general told him to call the district attorney about an unspecified matter, and when he did, it "constituted a threat against the district attorney." *Id.* He states that the state's unspecified "action prevented [him] from suing the state for personal injury." *Id.* at 5. He seeks $5 million dollars, "plus what [he] would have gotten from the personal injury case against the state." *Id.*

9

As noted, *supra*, the allegations in case No. 12cv878 and the Court's review of the state-court docket sheet clearly show that, contrary to Chavez's allegations in No. 12cv879, he has already unsuccessfully sued the state for personal injuries.  And Mr. King did not violate any of Chavez's constitutional right by suggesting that Chavez could take an action, especially when Chavez was free to ignore the advice, so Chavez has not invoked the Court's subject-matter jurisdiction under § 1983 with his insufficient allegations.  In addition, Chavez may not sue the attorney general under § 1983 because Chavez is apparently suing Mr. King in his official capacity.

> The Supreme Court has interpreted the Eleventh Amendment to mean "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity."  *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).  This prohibition encompasses suits against state agencies.  *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).  Suits against state officials acting in their official capacities similarly fall within the amendment's proscription because "a suit against a state official in his or her official capacity . . . is no different than a suit against the State itself."  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

*Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010).  The Complaint must be dismissed.  And finally, since it appears from the face of the complaint that Mr. King's alleged advice was given in 2004, the three-year statute of limitations would bar any claims related to it.  *See Wilson*, 471 U.S. at 276.

### 4. Case number 12cv880 JCH/KBM.

In case number 12cv880, Chavez seeks to bring yet another suit against the state of New Mexico, naming Gary King as a defendant only in the body of the Complaint.  *See* No. 12cv880, Compl. at 1.  He contends that "the state and all kinds of state employees do not allow me to file paperwork in court or get evidence or to get a fair trial that would prove the state did something wrong." *Id.*, Compl. at 2.  He states that his claim is based on "13 years of facts" and alludes to his

previous state-court trials, contending that "the state will get the state off the hook using unfair tactics of waiving its rights to sovern [sic] imunity [sic]." *Id.* Compl. at 7.  He seeks $150 million dollars in damages.  Because his other Complaint against the State and Mr. King also alludes to allegedly unfair trials in state courts and the events occurring between 2004 and 2007, the Court concludes that Chavez is filing this additional suit for purposes of harassment.

As noted, *supra*, the State and Mr. King are protected from suit under § 1983 by sovereign immunity.  *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d at 1227.  Further, any claims associated with actions occurring several years ago are barred by the statute of limitations.  Chavez is warned that if he continues to make frivolous filings, the Court will impose filing restrictions against him.

**IT IS ORDERED** that cases No. 12cv876 JCH/GBW, 12cv878 JCH/LFG, 12cv879 JCH/ACT, and 12cv880 JCH/KBM are consolidated into case No. 12cv876 JCH/GBW for all purposes and that any future filings related to any case shall be filed only in case No. 12cv876 JCH/GBW.

**IT IS FURTHER ORDERED** that all of Chavez's applications to proceed IFP [Doc. 2  in each case] are DENIED and all of his Complaints are DISMISSED without prejudice.

_____
**UNITED STATES DISTRICT JUDGE**